**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 6:95-CR-037-10 |
| | § | |
| SYLVESTER GUCCI GRAY | § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

The Court hereby vacates its previous Report and Recommendation (Doc. No. 628) and substitutes the following:

On April 19, 2010, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant, Sylvester Gucci Gray. The government was represented by Bill Baldwin, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Wayne Dickey.

A jury originally found Defendant guilty of Conspiracy to Distribute Cocaine Base, a Class A Felony. The offense carried a statutory maximum imprisonment term of life. The United States Sentencing Guideline range, based on a total offense level of 30 and a criminal history category of IV, was 135 to 168 months. On April 12, 1996, U.S. District John Hannah, Jr., sentenced Defendant to 168 months imprisonment and five years supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare. On October 5, 2007, Defendant completed the term of imprisonment and began service of the supervision term. On July 27, 2009, U.S. District Judge Michael Schneider modified the conditions of supervised release to include 180 days in a community confinement center.

Under the terms of supervised release, Defendant was prohibited, in relevant part, from:

possessing a controlled substance; failing to work regularly at a lawful occupation; failing to be successfully discharged from the community confinement center. In its petition, the government alleges that Defendant violated his conditions of supervised release by possessing marijuana as evidenced by submitting a positive urine sample on October 22, 2009; by failing to work regularly at a lawful occupation for the months of October 2008, November 2008, February 2009 through December 2009, January 2010, and February 2010; and by being unsuccessfully discharged from the community confinement center on November 10, 2009.

If the Court finds by a preponderance of the evidence that Defendant committed these violations, a statutory sentence of no more than 5 years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Pursuant to Section 7B1.1(a) of the Sentencing Guidelines, violating a condition of supervision by possessing marijuana in violation of Texas Health and Safety Code § 481.121; violating a condition of supervision by failing to work regularly at a lawful occupation for the months of October 2008, November 2008, February 2009 through December 2009, January 2010, and February 2010; and violating a condition of supervision by failing to be successfully discharged from the community confinement center; would constitute a Grade C violation for which the Court shall revoke Defendant's term of supervised release in favor of a term of imprisonment. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of IV, the Guideline imprisonment range for a Grade C violation is 6 to 12 months. U.S.S.G. § 7B1.4(a).

U.S.S.G. § 7B1.1(b) indicates where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.

At the hearing, the parties indicated they had come to an agreement to resolve the petition

whereby Defendant would plead true to violating conditions of supervision by possessing marijuana as evidenced by submitting a positive urine sample on October 22, 2009; by failing to work regularly at a lawful occupation for the months of October 2008, November 2008, February 2009 through December 2009, January 2010, and February 2010; and by being unsuccessfully discharged from the community confinement center on November 10, 2009. In exchange, the government agreed to recommend that Defendant be imprisoned for 6 months, followed by an additional 160 days of imprisonment for the period of unserved community confinement.

Pursuant to the Sentencing Reform Act of 1984, and the agreement of the parties, the Court **RECOMMENDS** that Defendant, Sylvester Gucci Gray, be committed to the custody of the Bureau of Prisons for a term of imprisonment of 6 months, followed by an additional 160 days of imprisonment for the period of unserved community confinement, with no supervised release to follow. The Court **RECOMMENDS** that the place of confinement be at the Federal Correctional Institution in Texarkana, Texas.

The parties have waived their right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 20th day of April, 2010.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE